| | |
|---|---|
| 1 | JASON M. FRANK (190957) |
| | jfrank@lawfss.com |
| 2 | ANDREW D. STOLPER (205462) |
| | astolper@lawfss.com |
| 3 | SCOTT H. SIMS (234148) |
| | ssims@lawfss.com |
| 4 | FRANK SIMS & STOLPER LLP |
| | 19800 MacArthur Blvd., Suite 855 |
| 5 | Irvine, CA 92612 |
| | Telephone:   (949) 201-2400 |
| 6 | Facsimile:    (949) 201-2405 |
| 7 | ROBERT B. OWENS (77671) |
| | rowens@ogrlaw.com |
| 8 | LINDA GACH RAY (89530) |
| | lgachray@ogrlaw.com |
| 9 | OWENS & GACH RAY |
| | 10323 Santa Monica Bl #102 |
| 10 | Los Angeles, CA 90025 |
| | Telephone:   (310) 553-6611 |
| 11 | Facsimile:    (310) 553-2179 |
| 12 | *Attorneys for Plaintiffs and the Proposed Class* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CASTANARES, an individual, and KRISTIN SULLIVAN, an individual, on behalf of themselves and all others similarly situated, , <br><br> Plaintiffs, <br><br> vs. <br><br> DEUTSCHE LUFTHANSA AG, a German public limited company. <br><br> Defendant. | Case No.: <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR BREACH OF CONTRACT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Anthony Castanares and Kristin Sullivan (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1. This action concerns Deutsche Lufthansa AG's ("Lufthansa" or "Defendant") failure to provide contractually mandated refunds to passengers with tickets for flights that have been canceled by Lufthansa for which the original outbound flight originates within the United States. Specifically, Lufthansa has canceled flights as a result of the COVID-19 pandemic but failed to refund the fares. Lufthansa's practice is ongoing in nature. Lufthansa's Conditions of Carriage provides: "[w]e will give you a refund as set out below if we cancel a flight … If you have not used any portion of the ticket, an amount equal to the airfare paid … If you have already used a portion of the ticket, not less than the difference between the fare paid and the fare applicable to the segments you have already flown." Accordingly, Lufthansa has breached its Conditions of Carriage.

## JURISDICTION

2. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one of the defendants, there are 100 or more Class members nationwide, and the aggregate amount in controversy exceeds $5,000,000.

## PARTIES

3. Plaintiffs Anthony Castanares and Kristin Sullivan are husband and wife and both citizens and residents of Los Angeles County, California.

4. Defendant Deutsche Lufthansa AG's is a German public limited company whose operations include commercial flights originating within the United States.

## FACTUAL BACKGROUND AND ALLEGATIONS

5. On August 1, 2019, Plaintiffs purchased round-trip tickets on Lufthansa for travel from Los Angeles to Paris (via Frankfurt). Plaintiffs purchased their tickets by credit card.

6. Plaintiffs' original outbound flight (LH457) was scheduled to depart Los Angles on April 1, 2020. Plaintiff paid $2,942.30 for their tickets ($1,471.15 for each ticket). Plaintiffs received an email confirmation, a true and correct copy of which is attached as Exhibit A.

7. Plaintiffs' tickets were subject to Lufthansa's Conditions of Carriage. Section 10.2 of the Conditions of Carriage provide as follows:

> **Involuntary Refunds**
> 10.2.
> 10.2.1. We will give you a refund as set out below if we cancel a flight, fail to operate a flight according to the timetable, fail to stop at your destination or stopping places, or cause you to miss a connecting flight for which you hold a reservation:
>
> 10.2.1.1. If you have not used any portion of the ticket, an amount equal to the airfare paid,
>
> 10.2.1.2. If you have already used a portion of the ticket, not less than the difference between the fare paid and the fare applicable to the segments you have already flown.

8. Lufthansa cancelled Plaintiffs' outbound flight.

9. Despite cancelling Plaintiffs' flight, Lufthansa has not issued Plaintiffs a refund as required by the Conditions of Carriage.

10. The Conditions of Carriage require that Lufthansa issue the refund to Plaintiffs automatically – i.e. without any refund request from Plaintiffs.

11. Despite having no obligation to request a refund, Plaintiffs did so. Despite making that request, Lufthansa still has not issued a refund to Plaintiffs.

12. Lufthansa's Conditions of Carriage do not provide any exceptions to its obligation to provide a refund in the event of flight cancellation. The Conditions of Carriage state unequivocally, and without restriction, that "[w]e will give you a refund … if we cancel a flight." Accordingly, COVID-19 related issues, whether direct or indirect, do not absolve Lufthansa of its refund obligations. Unless a purchaser affirmatively elects an alternative to a refund (i.e. to rebook or accept a voucher) a refund

must issue. In other words, the default upon cancellation is that Lufthansa must issue a refund.

13. The fact that Lufthansa's Conditions of Carriage do not provide for a pandemic/COVID-19 exemption is supported by recent guidance issued by the United States Department of Transportation, which provides, in part:

> **Although the COVID-19 public health emergency has had an unprecedented impact on air travel, the airlines' obligation to refund passengers for cancelled or significantly delayed flights remains unchanged** … Carriers have a longstanding obligation to provide a prompt refund to a ticketed passenger when the carrier cancels the passenger's flight or makes a significant change in the flight schedule and the passenger chooses not to accept the alternative offered by the carrier. **The longstanding obligation of carriers to provide refunds for flights that carriers cancel or significantly delay does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions). The focus is not on whether the flight disruptions are within or outside the carrier's control, but rather on the fact that the cancellation is through no fault of the passenger.** Accordingly, the Department continues to view any contract of carriage provision or airline policy that purports to deny refund to passengers when the carrier cancels a flight, makes a significant schedule change, or significantly delays a flight to be a violation of the carrier's obligation that could subject the carrier to enforcement action.
>
> <u>See</u> Exhibit B hereto.

### CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class: All persons who (a) purchased a commercial airline ticket for which the original scheduled outbound flight was to be operated by Lufthansa but was cancelled and (b) who have not received a refund and have not affirmatively elected to rebook their ticket or affirmatively accepted a voucher in lieu of a refund. The Class is limited to tickets for which the original outbound flight was scheduled to originate in the United States on or after March 1, 2020. The Class Period extends to the date of trial and/or judgment.

15. Excluded from the proposed Class are: (a) Defendant and its agents, officers, directors, parent companies, subsidiaries, and affiliates; (b) counsel representing

Plaintiffs and any person employed by counsel; and (c) any judicial officers assigned to this case and their staff.

16. Plaintiffs reserve the right to revise the definition of the Class based upon subsequently discovered information.

17. **Numerosity:** While the exact numbers of the members of the Class is unknown to Plaintiffs at this time, membership in the Class may be ascertained from the records maintained by Lufthansa and/or its agents. At this time, Plaintiffs are informed and believe that the Nationwide Class includes over thousands, if not hundreds of thousands, of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Rule 23(a)(1) of the Federal Rules of Civil Procedure, and the resolution of their claims through a class action will be of benefit to the parties and the Court.

18. **Ascertainability:** The names and addresses of the members of the Class are contained in the records of Lufthansa and/or its agents. Notice can be provided to the members of the Class through direct mailing, e-mail, text message, or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions.

19. **Common Facts:** Common facts exist as to all members of the Class and predominate over any issues affecting individual members of the Class. The common facts include the following:

   a. Plaintiffs and the members of the Class purchased tickets that included a scheduled outbound flight to be operated by Lufthansa originating in the United States, but the flight was cancelled.

   b. The tickets purchased by Plaintiffs and the members of the Class are subject to Lufthansa's Conditions of Carriage, which provide: "We will give you a refund as set out below if we cancel a flight … If you have not used any portion of the ticket, an amount equal to the airfare paid ... If you have already used a portion of the ticket, not

less than the difference between the fare paid and the fare applicable to the segments you have already flown."

     c.    Lufthansa has not provided a refund to Plaintiffs or the members of the Class, and Plaintiff and the Class have not affirmatively elected to rebook their ticket or affirmatively accepted a voucher in lieu of a refund.

20.    **Common Questions of Law:** Common questions of law exist as to all members of the Class and predominate over any issues solely affecting individual members of the Class. The common questions of law include but are not limited to:

     a.    Whether Lufthansa has an obligation under its Conditions of Carriage to promptly issue, without any action from the purchaser, ticket refunds when it cancels a flight.

     b.    Whether a COVID-19 related flight cancellation (related directly or indirectly) provides any excuse or exception to Lufthansa's refund obligations under its Conditions of Carriage.

     c.    Assuming that Lufthansa has an obligation to issue refunds, as Plaintiffs allege, how much time it has to do so.

21.    **Typicality:** Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs have been subjected to the same wrongful practices and, like the other members of the Class, have not received a refund.

22.    **Adequacy:** Plaintiffs will fairly and adequately represent and protect the interests of the Class as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. Plaintiffs are adequate representatives of the Class because they do not have any interests which are adverse to the interests of the members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel who are competent and experienced in handling class action litigation on behalf of consumers.

23. Plaintiffs' interests are co-extensive with, and not antagonistic to, those of the absent members of the Class. Plaintiffs will undertake to represent and protect the interests of the absent members of the Class.

24. Plaintiffs have engaged the services of the undersigned counsel. Counsel is experienced in complex consumer class action litigation, will adequately prosecute this action, and will assert and protect the rights of, and otherwise represent, Plaintiffs and the absent members of the Class.

25. **Superiority**: Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is superior to all other available methods for the fair and efficient adjudication of the claims asserted in this action because: (a) the expense and burden of individual litigation make it economically unfeasible for members of the Class to seek redress of their claims other than through the procedure of a class action; (b) if separate actions were brought by individual members of the Class, the resulting duplicity of lawsuits would risk inconsistent results; and (c) absent a class action, Lufthansa will likely retain the benefits of its wrongdoing, resulting in a failure of justice.

26. **Predominance:** Class action status is warranted under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law or fact common to the members of the Class predominate over any questions affecting only individual members. The interests of the members of the Class in individually controlling the prosecution of separate actions are theoretical and not practical. Prosecution of this action through multiple Class Representatives would be superior to individual lawsuits. Plaintiffs are not aware of any difficulty which will be encountered in the management of this litigation which should preclude its maintenance as a class action.

# FIRST CLAIM
## BREACH OF CONTRACT
### (On Behalf of All Plaintiffs and the Class)

27. Plaintiffs hereby repeat, reallege and incorporate by reference each and every allegation contained in paragraphs 1-26 above, as though the same were fully set

forth herein.

28. Plaintiffs bring this claim on behalf of themselves and the members of the Class.

29. Plaintiffs and the members of the Class purchased commercial airline tickets for which the original scheduled outbound flight originated in the United States and was to be operated by Lufthansa but was cancelled by Lufthansa. The ticket purchases of Plaintiffs and the Class were subject to Lufthansa's Conditions of Carriage, which is a binding contract.

30. Plaintiffs and the Class performed all of their contractual obligations, or were excused from performing them.

31. Lufthansa has not refunded the fares of Plaintiffs and the Class, and Plaintiffs and the Class have not elected to rebook their ticket nor affirmatively accepted a voucher in lieu of a refund.

32. Lufthansa breached the Conditions of Carriage by failing to refund fares to Plaintiffs and the Class.

33. Plaintiffs and the members of the Class were harmed and suffered out-of-pocket loss as a result of Lufthansa's breach of contract. That loss has been proximately caused by Lufthansa's breach. Plaintiffs are entitled to restitution or rescission.

34. Lufthansa is liable to Plaintiffs and the members of the Class for the full amount of the unpaid refund.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter a judgment against Lufthansa and in favor of Plaintiffs and the members of the Class and award the following relief:

1. An order certifying this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiffs as the representatives of the Class, and appointing Plaintiffs' counsel as Class Counsel;

2. An award to Plaintiffs and the members of the Class of the full amount of the unpaid refunds for their cancelled flights;

3. An award of all costs for prosecuting the litigation, including expert fees;

4. An award of pre- and post-judgment interest;

5. An award of attorneys' fees; and

6. An order granting any such additional relief as this Court may deem just and proper.

Dated: May 11, 2020                    FRANK SIMS & STOLPER LLP

                                                            */s/ Scott H. Sims*
                                                       JASON M. FRANK, ESQ.
                                                       ANDREW STOLPER, ESQ
                                                       SCOTT H. SIMS, ESQ.

                                                       *Attorneys for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: May 11, 2020                    FRANK SIMS & STOLPER LLP

                                                            */s/ Scott H. Sims*
                                                       JASON M. FRANK, ESQ.
                                                       ANDREW STOLPER, ESQ
                                                       SCOTT H. SIMS, ESQ.

                                                       *Attorneys for Plaintiffs*

# Exhibit A

**From:** "lufthansa.com" <online@booking-lufthansa.com>
**Subject: Booking Details | Departure: 01 April 2020 | LAX-PAR**
**Date:** August 1, 2019 at 9:40:40 PM PDT
**To:** THREADARTIST2934@GMAIL.COM
**Reply-To:** Lufthansa.Reply.not.possible@booking-lufthansa.com

If you cannot view this e-mail properly, please open the attached PDF version.
Do not reply to this e-mail.
Additional support is available via the FAQs.

## You have booked a journey for the following passengers

**Lufthansa booking code:**   **N9CPUV**



## Passenger information

**CASTANARES / ANTHONY MR**
Ticket no.: 220-8509532406

**SULLIVAN / KRISTIN MRS**
Ticket no.: 220-8509532407

**Receipt and additional documents**
Do you require receipts for your tax returns or your travel expenses? You will be able to access all the receipts at the end of this message.
Download your receipts now
**Option for download is valid up to 90 days after end of travel.**

## Your itinerary

**Wed. 01 April 2020: LOS ANGELES CA - FRANKFURT DE**

**Important Notice**
Due to stricter security checks for flights from the US it is advisable to be at the airport about 2 hours prior to departure. For further information please refer to the current travel information.

| | | |
|---|---|---|
| **15:10 h** | LOS ANGELES CA LOS ANGELES INTL (LAX)<br>TERMINAL B - TOM BRADLEY INTERNATIONAL TERMINAL | **LH457**<br>operated by: LUFTHANSA |
| **10:50 h +1** | FRANKFURT DE FRANKFURT INTL (FRA)<br>TERMINAL 1 | |

**Status:** confirmed    **Seats:** 24A/24C *    **Class:** PREMIUM ECONOMY (N)

* Seat reservations are not binding and may change due to an unscheduled change of aircraft.

**Thur. 02 April 2020: FRANKFURT DE - PARIS FR**

| | | |
|---|---|---|
| **12:25 h** | FRANKFURT DE FRANKFURT INTL (FRA)<br>TERMINAL 1 | **LH1034**<br>operated by: LUFTHANSA |
| **13:35 h** | PARIS FR CHARLES DE GAULLE (CDG)<br>TERMINAL 1 - AEROGARE 1 | |

**Status:** confirmed    **Class:** ECONOMY (Y)

**Tue. 02 June 2020: PARIS FR - FRANKFURT DE**

| | | |
|---|---|---|
| **11:20 h** | PARIS FR CHARLES DE GAULLE (CDG)<br>TERMINAL 1 - AEROGARE 1 | **LH1031**<br>operated by: LUFTHANSA |
| **12:35 h** | FRANKFURT DE FRANKFURT INTL (FRA)<br>TERMINAL 1 | |

**Status:** confirmed    **Class:** ECONOMY (Y)

**Tue. 02 June 2020: FRANKFURT DE - LOS ANGELES CA**

**Important Notice**
Due to stricter security checks for flights to the US it is advisable to be at the airport about 2 hours prior to departure. For further information please refer to the official website of TSA (Transport Security Administration, English only).

| | | |
|---|---|---|
| **14:10 h** | FRANKFURT DE FRANKFURT INTL (FRA)<br>TERMINAL 1 | **LH450**<br>operated by: LUFTHANSA |
| **16:50 h** | LOS ANGELES CA LOS ANGELES INTL (LAX)<br>TERMINAL B - TOM BRADLEY INTERNATIONAL TERMINAL | |

**Status:** confirmed    **Seats:** 24A/24C *    **Class:** PREMIUM ECONOMY (N)

\* Seat reservations are not binding and may change due to an unscheduled change of aircraft.

### Total Price of your Tickets

| Passenger Type | Price | Taxes and carrier imposed fees | Passengers | Total Price of your Tickets |
|---|---|---|---|---|
| Adults | 848.00 $ | 623.15 $ | 2 | 2942.30 $ |

**Total Price for all Passengers**    2942.30 $

## Lufthansa Online Services

**You can view and amend your booking at any time online at lufthansa.com.**
You don't need to register to do this; just log in with your booking code and surname.

Under Flight Status you can find out about details of your flight from as early as 5 days before departure and activate automatic notifications for up-dated departure information. This applies to all flights that are operated by Lufthansa, Lufthansa Regional, Austrian Airlines, SWISS, Eurowings or Germanwings.

## Additional services

### Your travel insurance

A separate confirmation email is on its way to you from AIG Insurance. If you have any questions or wish to make changes, please contact the AIG Customer Service Centre directly on Continental USA: +1 (877) 709-5590
International (collect call): +1 (715) 295-5452.

### Entry conditions US

**General entry conditions USA**
The USA has tightened its entry regulations. Effective immediately, we must transmit to the US authorities before your departure, the details of your country of residence and your first US address during your stay there: otherwise, entry will not be possible. For this reason, please add the relevant data online (APIS). This regulation does not apply to passengers with a permanent US residence permit.

**Regulation for travelling without visa**
Don't forget to register online via ESTA, the Internet-based travel authorization system. It's best to register right now at https://esta.cbp.dhs.gov.
For further information, please go to www.cbp.gov/esta
Travellers who have visited Iraq, Iran, Libya, Somalia, the Syrian Arab Republic, Sudan or Yemen since March 1st, 2011, as well as passengers with dual citizenship who are also citizens of the aforementioned states, require a US Visa. All existing ESTA-approvals will be revoked for this group of travellers.
Current entry regulations

## Baggage regulations

The following baggage rules apply per passenger:

**From LOS ANGELES CA to PARIS FR:**

| | Weight / Pieces | Dimension (width+height+depth) | Fee |
|---|---|---|---|
| 1st checked bag | up to 50 lbs/23 kg | up to 62 inch/158 cm | free of charge |
| 2nd checked bag | up to 50 lbs/23 kg | up to 62 inch/158 cm | free of charge |

**From PARIS FR to LOS ANGELES CA:**

|  | Weight / Pieces | Dimension (width+height+depth) | Fee |
|---|---|---|---|
| 1st checked bag | up to 50 lbs/23 kg | up to 62 inch/158 cm | free of charge |
| 2nd checked bag | up to 50 lbs/23 kg | up to 62 inch/158 cm | free of charge |

For this journey, the baggage rules of Deutsche Lufthansa AG apply.

Additionally, you may carry on free of charge one piece of cabin baggage in Economy Class, two in Business and First Class. The size is limited to each 8kg (18lbs) and 55*40*23cm (22*16*9") (width*height*depth). Please take note of these further details.

In case your checked baggage exceeds the free baggage allowance or standard dimensions, excess baggage charges will apply. Please also acknowledge the regulations for sport and special baggage.

Please be advised that due to security reasons items which are classified as dangerous goods are prohibited on board.

# Flight information

Electronic tickets have been issued for the above-mentioned passengers. From 23 hours prior to departure the boarding passes for the Lufthansa flight will be available at lufthansa.com. For identification purposes the booking reference and passenger names are required. Alternatively the boarding pass can also be printed using the check in terminals at the airport.
In case the passengers should travel with an airline other than Lufthansa they should check here or with the respective carrier directly for the applicable check-in conditions.

As the airfare you have chosen may be a special fare, please note that restrictions may apply regarding rebooking and cancellation. If the fare conditions allow for a rebooking or refund, please be advised that charges may apply. In the case of a rebooking, please be aware that, for the new travel dates, you may also need to comply with possible advance booking deadlines, minimum and maximum stays and restrictions on the departure times. Customers who make a reservation through lufthansa.com may cancel their reservation without penalty up to 24 hours after the reservation is made, if the reservation was made seven days or more prior to the flight's departure. Lufthansa will allow customers to hold a reservation made directly with Lufthansa's telephone reservation center without payment for up to 24 hours, if the reservation was made seven days or more prior to the flight's departure. For enquiries regarding the fare conditions applying to your chosen airfare, please contact your local Lufthansa representative.

For the applicable free baggage allowance please see your passenger receipt.

Lufthansa flight bookings do not require a reconfirmation after ticket purchase.

Please check the applicable health, entry and visa requirements, and ensure that you obtain the necessary visa according to your itinerary because it contains at least a double transfer within Germany/Europe.

For information on filing compliments and/or complaints for flights to or from the United States only please visit our Feedback-Center, or you may write to us at:
Lufthansa German Airlines
Customer Relations
PO Box 425
East Meadow, New York 11554
Fax: (516) 296-9838

If you have purchased an AIG trip cancellation insurance with your flight booking, you will need a flight cancellation invoice in the event of loss. Please contact Lufthansa Customer Relations.
To address your claim please contact the AIG Claims Service Center: Continental USA: +1 (877) 709-5590
International (collect call): +1 (715) 295-5452.

Emergency contact: before you set off on your journey, please leave us details of the person you wish us to contact in the event of an emergency.

# Flight services

**Free eJournals for your journey with Lufthansa**
As a Lufthansa passenger, many newspapers and magazines of different kinds and in various languages are available to you as free eJournals. Simply enter your booking code or ticket number and last name on lufthansa.com/eJournals and download your favourite titles to your mobile device before departure. Your choice of eJournals can be downloaded from three days before departure until the last day of your journey.

**Climate protection donation — acting for the future**
Lufthansa offers you a platform for your commitment to environmental protection. You can make a voluntary donation via http://lufthansa.myclimate.org.

**Lufthansa on your mobile**
The Lufthansa app offers you easy access to all the major Lufthansa services: check in and mobile boarding passes, check flight status, book flights, reserve seats and much more. Push messages provide useful information about your upcoming flight. The Lufthansa app is available for iOS and Android for smartphones and tablets and for Windows phones. Further information can be found on lufthansa.com.

**Are you earning miles yet for your flights with Miles & More?**

Don't waste another mile - instead, register online now to start earning miles with Miles & More.

## Receipts and other documents

If you require receipts for your tax returns or your travel expenses, you can create these by clicking on the relevant document number.

| Passenger | Document type | Document |
|---|---|---|
| CASTANARES / ANTHONY MR | Ticket | 220-8509532406 * |
| SULLIVAN / KRISTIN MRS | Ticket | 220-8509532407 * |

* You have access to the passenger receipt by clicking the ticket number up to 90 days after end of travel.

## Thank you for your booking.

Kind regards

**Lufthansa German Airlines**

Carriage is subject to Lufthansa's Condition of Carriage. Lufthansa German Airlines is not liable for any changes of the transmitted data undertaken by you or a third party. No liability can be accepted for the accuracy of the information included in this document.
Please note that all flight times are local times.
created: 2 August 2019

Corporate Headquarters:
Deutsche Lufthansa
Aktiengesellschaft, Köln

Chairman of the Supervisory Board:
Dr. Karl-Ludwig Kley

Registration:Amtsgericht Köln HRB 2168

Executive Board:
Carsten Spohr (Vorsitzender / Chairman),
Thorsten Dirks,
Harry Hohmeister,
Dr. Detlef Kayser,
Ulrik Svensson,
Dr. Bettina Volkens

Deutsche Lufthansa AG
Impressum

# Exhibit B

# UNITED STATES OF AMERICA
# DEPARTMENT OF TRANSPORTATION
# OFFICE OF THE SECRETARY
# WASHINGTON, D.C.

**ENFORCEMENT NOTICE REGARDING REFUNDS BY CARRIERS GIVEN THE UNPRECEDENTED IMPACT OF THE COVID-19 PUBLIC HEALTH EMERGENCY ON AIR TRAVEL**

The U.S. Department of Transportation's Office of Aviation Enforcement and Proceedings (Aviation Enforcement Office), a unit within the Office of the General Counsel, is issuing this notice to remind the traveling public, and U.S. and foreign carriers, operating at least one aircraft having a seating capacity of 30 or more seats, that passengers should be refunded promptly when their scheduled flights are cancelled or significantly delayed. Airlines have long provided such refunds, including during periods when air travel has been disrupted on a large scale, such as the aftermath of the September 11, 2001 attacks, Hurricane Katrina, and presidentially declared natural disasters. Although the COVID-19 public health emergency has had an unprecedented impact on air travel, the airlines' obligation to refund passengers for cancelled or significantly delayed flights remains unchanged.

The Department is receiving an increasing number of complaints and inquiries from ticketed passengers, including many with non-refundable tickets, who describe having been denied refunds for flights that were cancelled or significantly delayed. In many of these cases, the passengers stated that the carrier informed them that they would receive vouchers or credits for future travel. But many airlines are dramatically reducing their travel schedules in the wake of the COVID-19 public health emergency. As a result, passengers are left with cancelled or significantly delayed flights and vouchers and credits for future travel that are not readily usable.

Carriers have a longstanding obligation to provide a prompt refund to a ticketed passenger when the carrier cancels the passenger's flight or makes a significant change in the flight schedule and the passenger chooses not to accept the alternative offered by the carrier.[1] The longstanding obligation of carriers to provide refunds for flights that carriers cancel or significantly delay does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions).[2] The focus is not on whether the flight disruptions are within or outside the carrier's

---

[1] *See* Enhancing Airline Passenger Protections, 76 Fed. Reg. 23110-01, at 23129 (Apr. 25, 2011) ("We reject . . . assertions that carriers are not required to refund a passenger's fare when a flight is cancelled if the carrier can accommodate the passenger with other transportation options after the cancellation. We find it to be manifestly unfair for a carrier to fail to provide the transportation contracted for and then to refuse to provide a refund if the passenger finds the offered rerouting unacceptable (e.g., greatly delayed or otherwise inconvenient) and he or she no longer wishes to travel.")

[2] U.S. Dept. of Transportation, Aviation Consumer Protection, Refunds, https://www.transportation.gov/individuals/aviation-consumer-protection/refunds (March 4, 2020) ("Am I Entitled to a Refund? When the airline is at fault: Passengers are often entitled to a refund of the ticket price and associated fees when the airline is at fault. . . . Cancelled Flight – A passenger is entitled to a refund if the airline cancelled a flight, regardless of the reason, and the passenger chooses not to be rebooked on a new flight on that airline. . . . Schedule Change/Significant Delay – A passenger is entitled to a refund if the airline made a significant schedule change and/or significantly delays a flight and the passenger chooses not to travel.").

control, but rather on the fact that the cancellation is through no fault of the passenger.[3] Accordingly, the Department continues to view any contract of carriage provision or airline policy that purports to deny refunds to passengers when the carrier cancels a flight, makes a significant schedule change, or significantly delays a flight to be a violation of the carriers' obligation that could subject the carrier to an enforcement action.[4]

In recognition of the fact that the COVID-19 public health emergency has had major impacts on the airline industry, the Aviation Enforcement Office will exercise its prosecutorial discretion and provide carriers an opportunity to become compliant before taking further action. Specifically, the Aviation Enforcement Office will refrain from pursuing an enforcement action against a carrier that provided passengers vouchers for future travel in lieu of refunds for cancelled or significantly delayed flights during the COVID-19 public health emergency so long as: (1) the carrier contacts, in a timely manner, the passengers provided vouchers for flights that the carrier cancelled or significantly delayed to notify those passengers that they have the option of a refund; (2) the carrier updates its refund policies and contract of carriage provisions to make clear that it provides refunds to passengers if the carrier cancels a flight or makes a significant schedule change; and (3) the carrier reviews with its personnel, including reservationists, ticket counter agents, refund personnel, and other customer service professionals, the circumstances under which refunds should be made.

The Aviation Enforcement Office will monitor airline policies and practices and take enforcement action as necessary.

Questions regarding this notice may be addressed to the Office of Aviation Enforcement and Proceedings (C-70), U.S. Department of Transportation, 1200 New Jersey Avenue, S.E., Washington, D.C. 20590.

By:

Blane A. Workie
*Assistant General Counsel for*
*Aviation Enforcement and Proceedings*

Dated: April 3, 2020

*An electronic version of this document is available at http://www.dot.gov/airconsumer*

---

[3] *Id.*

[4] *See* Enhancing Airline Passenger Protections, 76 Fed. Reg. 23110-01, at 23129 (Apr. 25, 2011) (*citing* July 15, 1996 Industry Letter which advises carriers that "applying . . . nonrefundability/penalty provisions in situations in which the change of flight time or travel date has been necessitated by carrier action or 'an act of god', e.g., where the carrier cancels a flight for weather or mechanical reasons . . . is grossly unfair and it violates 49 U.S.C. 41712, as would any contract of carriage or tariff provision mandating such a result" and putting carriers on notice that the Department "will aggressively pursue any cases of this type that come to our attention").

2